UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID MELENDEZ,

Plaintiff,

-vs-

EXPRESS AUTO SPA SI LLC and
JOSEPH LOFRANO,

Defendants.
------------------------------------------------------------X

Case No.:

**COMPLAINT WITH JURY TRIAL DEMAND**

Plaintiff, DAVID MELENDEZ, by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:

## ***NATURE OF CASE***

1. This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 650 *et seq.*, and N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1), and 12 NYCRR § 142-2.1; (iv) the NYLL's requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of information, NYLL § 195(1); (v) the NYLL's requirement that employers provide on each payday accurate wage statements containing specific categories of information, NYLL § 195(3); (vi) the NYLL's prohibition against retaliatory action by an employer against an employee who discloses to a supervisor, or objects to, an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, NYLL § 740; and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Defendants gave Plaintiff the title of "Manager," paid him a flat weekly salary below the minimum salary New York requires before an employer may treat a manager as exempt from overtime, and worked him close to seventy hours a week without overtime pay. Plaintiff spent most of his time doing the same manual work as the car wash crew. When Plaintiff complained to his supervisor, Defendant Joseph Lofrano, about Defendants' practice of procuring false identification documents for undocumented workers, Defendants fired him on his first day back from vacation.

## ***THE PARTIES***

3. Plaintiff DAVID MELENDEZ (hereinafter "Mr. Melendez" or "Plaintiff") is an individual residing in Richmond County, New York. Plaintiff is a citizen of the State of New York.

4. Upon information and belief, Defendant EXPRESS AUTO SPA SI LLC (hereinafter "Express Auto Spa") was and is a limited liability company organized and existing under the laws of the State of Delaware.

5. Insofar as herein pertinent, Express Auto Spa operates car wash facilities at two locations in Staten Island, New York: 2093 Hylan Boulevard, Staten Island, New York 10306, and 2042 Hylan Boulevard, Staten Island, New York 10306 (together, the "Hylan Boulevard Locations").

6. Express Auto Spa's executive offices are located at 297 NJ-34, Colts Neck, New Jersey 07722 (the "Colts Neck Office").

7. Upon information and belief, Mark Tarnofsky (hereinafter "Tarnofsky") is an individual who is domiciled at 221 Heyers Mill Road, Colts Neck, New Jersey 07722, in Monmouth County. He is a citizen of the State of New Jersey for purposes of diversity jurisdiction.

8. Upon information and belief, at all times herein pertinent, Tarnofsky was the sole member of Express Auto Spa.

9. Upon information and belief, at all times herein pertinent, Tarnofsky was the owner of Express Auto Spa, and his actual place of business is the Colts Neck Office.

10. Upon information and belief, Defendant JOSEPH LOFRANO (hereinafter "Lofrano") is an individual who resides at 28 Meadow Drive, Little Falls, New Jersey 07424, in Passaic County. He is a citizen of the State of New Jersey for purposes of diversity jurisdiction.

11. At all times herein pertinent, Lofrano served as the Regional Manager of Express Auto Spa, with supervisory authority over the Hylan Boulevard Locations and the employees who worked there, including Plaintiff.

12. For the calendar year 2024 the gross receipts of Express Auto Spa were not less than $500,000.00.

13. For the calendar year 2025 the gross receipts of Express Auto Spa were not less than $500,000.00.

## ***JURISDICTION AND VENUE***

14. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as this action involves a statute of the United States, specifically, the FLSA, 29 U.S.C. §§ 201 *et seq.*

15. Jurisdiction is also based upon 28 U.S.C. § 1332(a)(1), insofar as this action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

16. Plaintiff resides at 563 Mill Road, Staten Island, New York 10306, which is in Richmond County, New York. He is a citizen of the State of New York for purposes of diversity jurisdiction.

17. Upon information and belief, Tarnofsky is the sole member of Express Auto Spa.

18. Plaintiff alternatively alleges that, if Express Auto Spa has any member other than Tarnofsky, then upon information and belief each such member is a citizen of the State of New Jersey, and no member of Express Auto Spa is a citizen of the State of New York.

19. Upon information and belief, the Colts Neck Office is Express Auto Spa's principal place of business, or "nerve center."

20. Upon information and belief, Lofrano is a citizen of the State of New Jersey. No Defendant is a citizen of the State of New York, and there is complete diversity of citizenship between Plaintiff and all Defendants.

21. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff seeks, among other things, back pay from August 13, 2025 at his salary of approximately $1,030.00 per week; front pay; unpaid overtime wages and an equal amount in liquidated damages; statutory damages; punitive damages under NYLL § 740(5); and attorneys' fees, which are recoverable by statute.

22. Plaintiff relies upon 28 U.S.C. § 1367(a) to invoke supplemental jurisdiction with respect to the state law claims, which form part of the same case or controversy as the FLSA claim. All of Plaintiff's claims arise out of his employment as a manager at the Hylan Boulevard Locations, the duties Defendants assigned to him in that position, and the termination of that employment.

23. Venue is based upon 28 U.S.C. § 1391(b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred at the Hylan Boulevard Locations in Richmond County, within this Judicial District.

## ***FACTUAL ALLEGATIONS***

### A. Defendants' Business

24. Express Auto Spa operates as a car wash business and also performs oil changes.

25. At all times herein pertinent, Defendants were engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 203, and Express Auto Spa was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

26. Upon information and belief, Express Auto Spa had employees, including Plaintiff, who regularly handled goods and materials that had been moved in or produced for interstate commerce, including soaps, waxes, cleaning chemicals, towels, vacuums, and car wash equipment manufactured outside the State of New York, and it regularly processed customer payments by credit and debit card.

### B. Plaintiff's Employment and Pay

27. In or about April 2024, Lofrano hired Mr. Melendez to work at Express Auto Spa.

28. For approximately his first two weeks of employment, Mr. Melendez dried cars. Plaintiff asserts no claim for this period.

29. On or about April 29, 2024, Defendants promoted Mr. Melendez to the position of "Manager."

30. At all times herein pertinent, Lofrano supervised Mr. Melendez on a daily basis, normally seeing him in person at work once or twice a day, and also directed him by text messages.

31. Lofrano had control over the terms and conditions of Mr. Melendez's employment, and instructed him to perform non-management tasks on a daily basis.

32. From on or about April 29, 2024 through on or about December 31, 2024, Defendants paid Mr. Melendez a flat weekly salary of approximately $1,000.00.

33. From on or about January 1, 2025 through the end of his employment, Defendants paid Mr. Melendez a flat weekly salary of approximately $1,030.00.

34. Mr. Melendez's weekly salary did not change with the number of hours he worked. Defendants paid him nothing beyond his salary for the hours he worked over forty (40) in a workweek.

**C. Plaintiff's Hours**

35. As a manager, Mr. Melendez worked at the Hylan Boulevard Locations.

36. Mr. Melendez normally arrived at work before 7:30 AM and normally worked until at least 6:30 PM, and oftentimes later.

37. Mr. Melendez's regular day off was normally Wednesday, so he regularly worked six days per week.

38. On average, approximately twice per month, Defendants required Mr. Melendez to work on his day off, so in those weeks he worked seven days.

39. As a result, Mr. Melendez worked at least approximately sixty-six (66) hours in a six-day workweek, and at least approximately seventy-seven (77) hours in a seven-day workweek.

40. Defendants did not pay Mr. Melendez for his hours at any hourly rate.

41. Based upon a six-day week, if his weekly salary is treated as pay for all the hours he worked, Mr. Melendez's regular hourly rate was approximately $15.15 per hour in 2024 (approximately $1,000.00 divided by approximately 66 hours) and approximately $15.61 per hour in 2025 (approximately $1,030.00 divided by approximately 66 hours). Both rates were below the New York minimum wage for New York City employers, which was $16.00 per hour in 2024 and $16.50 per hour in 2025. NYLL § 652(1)(a); 12 NYCRR § 142-2.1.

42. Defendants never paid Mr. Melendez an overtime premium of one and one-half times his regular rate of pay for the hours he worked over forty (40) in a workweek.

**D. Plaintiff's Actual Duties**

43. Despite his title, Mr. Melendez's primary duty was not management. Most of his time was spent performing non-management tasks.

44. Mr. Melendez spent the majority of his working time performing the same manual and customer service tasks as the car wash's hourly workers, including washing and drying cars and troubleshooting the entrance gate when it would not open properly.

45. Mr. Melendez was also required to clean and empty the vacuum bins and clean the filters, and to clean the tunnel the cars drive through, wetting it down and cleaning the soap off with a power washer before closing down at night, all on a daily basis. He also had to perform other time-consuming tasks on a less than daily basis involving the machinery and equipment, none of which involved management. This list is for illustrative purposes and is by no means complete or exhaustive. None of the other employees knew how to perform any of these tasks.

46. Mr. Melendez constantly spent much of his time making makeshift repairs to the equipment. The problems kept recurring because management refused to pay for repairs or for the necessary replacement of machinery and parts.

47. For a period of approximately three month toward the end of his employment, Mr. Melendez also spent a large part of his time, two to three days per week, performing construction and renovation work at the 2093 Hylan Boulevard location over which he performed no supervision at all.

48. Mr. Melendez's work did not include the exercise of discretion and independent judgment with respect to matters of significance. Decisions about staffing, including which employees would perform which tasks, wages, pricing, and operations were made by Lofrano and others above him.

49. Mr. Melendez was not employed in a bona fide executive, administrative, or professional capacity within the meaning of 29 U.S.C. § 213(a)(1) and 29 C.F.R. Part 541, and no other exemption from the FLSA's overtime requirements applied to him.

50. Under New York law, an employee in New York City could not be exempt from overtime as an executive or administrative employee unless he was paid a salary of at least $1,200.00 per week for 2024 and $1,237.50 per week for 2025. 12 NYCRR § 142-2.14(c)(4)(i)–(ii).

51. Mr. Melendez's salary of approximately $1,000.00 per week in 2024 and approximately $1,030.00 per week in 2025 was below those thresholds. For that reason alone, and without regard to his duties, Mr. Melendez was not exempt from overtime under the NYLL.

**E. Lofrano's Control Over Plaintiff's Employment**

52. Lofrano controlled the terms of Mr. Melendez's employment in that he told Mr. Melendez what tasks to complete and when they needed to be completed.

53. Lofrano controlled the work schedules of the employees at the Hylan Boulevard Locations, including Mr. Melendez's schedule, and required Mr. Melendez to work on his days off.

54. Lofrano controlled or participated in setting the rates and methods of pay of the employees at the Hylan Boulevard Locations, including Mr. Melendez' pay.

55. Lofrano had the power to fire employees at Express Auto Spa, and he fired Mr. Melendez on August 13, 2025.

56. At all times herein pertinent, Lofrano acted as Mr. Melendez's employer within the meaning of the FLSA and the NYLL.

**F. Records, Wage Notices, and Wage Statements**

57. Defendants did not create or maintain records showing the precise number of hours Mr. Melendez worked.

58. Defendants did not provide Mr. Melendez, at the time of his hiring or at any time thereafter, with a written notice containing the information required by NYLL § 195(1), including his rate or rates of pay and the basis thereof, his overtime rate of pay, and the regular pay day designated by the employer.

59. Defendants did not provide Mr. Melendez with an accurate wage statement with each payment of wages as required by NYLL § 195(3). To the extent Defendants furnished any wage statements, those statements did not accurately list the number of regular and overtime hours Mr. Melendez worked, his regular hourly rate of pay, or his overtime rate of pay.

60. These failures caused Mr. Melendez concrete harm. Without a wage notice stating his overtime rate, and without wage statements showing his actual hours and the overtime he was owed, Mr. Melendez could not tell how his pay was calculated or that he was being underpaid, and could not calculate the wages he was owed. This allowed Defendants to keep paying him a flat salary for close to seventy hours of work a week and to continue underpaying him for the entire time he worked as a manager.

**G. Defendants' False Identification Practice**

61. Upon information and belief, approximately half of the employees at the Hylan Boulevard Locations were undocumented Hispanic immigrants who, upon information and belief, were not legally authorized to work in the United States.

62. Express Auto Spa, acting through Lofrano, procured identification for the undocumented workers which, upon information and belief, included false Social Security numbers, so that Defendants could pay them using what appeared to be legitimate Social Security numbers.

63. Mr. Melendez reasonably believed that this practice violated the law.

**H. Plaintiff's Complaint and Termination**

64. On or about August 7, 2025, before he left for vacation, Mr. Melendez complained to Lofrano about Defendants' practice of procuring identification documents with false Social Security numbers for the undocumented workers, because he believed it was illegal.

65. In doing so, Mr. Melendez disclosed to his supervisor, and objected to, an activity, policy, and practice of his employer that he reasonably believed was in violation of law.

66. On August 13, 2025, his first day back at work after his vacation, Lofrano told Mr. Melendez, "We don't need you anymore."

67. When Mr. Melendez asked why, Lofrano gave no reason and told him to have a good day.

68. Defendants gave Mr. Melendez no legitimate reason for his termination. Before his complaint, Mr. Melendez had not been disciplined or warned about his job performance.

69. Defendants terminated Mr. Melendez's employment because he complained about, and objected to, Defendants' false identification practice. The termination came on his first day back at work after he made that complaint.

70. At all times herein pertinent, Express Auto Spa and Lofrano were each an "employer" of Mr. Melendez within the meaning of NYLL § 740(1)(b), and Mr. Melendez was an "employee" within the meaning of NYLL § 740(1)(a).

71. As a result of his termination, Mr. Melendez lost his salary and the other benefits of his employment. After his termination, he received unemployment insurance benefits for approximately six months. Since then, despite reasonable efforts to find comparable work, he has had only minimal and sporadic earnings.

***AS AND FOR A FIRST CAUSE OF ACTION***
***FEDERAL FAIR LABOR STANDARDS ACT***
***AGAINST EXPRESS AUTO SPA AND LOFRANO***
***(OVERTIME)***

72. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

73. At all times herein pertinent, Plaintiff was an employee of Express Auto Spa and Lofrano, and Express Auto Spa and Lofrano were each Plaintiff's employer, within the meaning of 29 U.S.C. § 203(d) and (e).

74. The overtime provisions of the FLSA, 29 U.S.C. § 207, and the supporting federal regulations, apply to Express Auto Spa and Lofrano and protect Plaintiff.

75. Plaintiff was not exempt from the overtime provisions of the FLSA because his primary duty was not management, and he did not otherwise meet the requirements for the executive, administrative, or professional exemptions under 29 U.S.C. § 213(a)(1) and 29 C.F.R. Part 541.

76. Express Auto Spa and Lofrano were required to pay Plaintiff an overtime premium of one and one-half times his regular rate of pay for all hours worked over forty (40) in each workweek, and they failed to do so.

77. The foregoing constituted willful violations of the FLSA. Express Auto Spa and Lofrano knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA, and they did not make a good faith effort to comply with it.

78. As a result, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and he is entitled to recover such amounts, an equal amount as liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

***AS AND FOR A SECOND CAUSE OF ACTION***
***NEW YORK STATE LABOR LAW***
***AGAINST EXPRESS AUTO SPA AND LOFRANO***
***(OVERTIME)***

79. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

80. At all times herein pertinent, Plaintiff was an employee of Express Auto Spa and Lofrano, and Express Auto Spa and Lofrano were Plaintiff's employers, within the meaning of the NYLL.

81. The overtime provisions of Article 19 of the NYLL and its supporting regulations, including 12 NYCRR § 142-2.2, apply to Express Auto Spa and Lofrano and protect Plaintiff.

82. Plaintiff was not exempt from the overtime provisions of the NYLL because, among other reasons, his weekly salary was below the minimum salary required for the executive and administrative exemptions under 12 NYCRR § 142-2.14(c)(4).

83. By failing to pay Plaintiff an overtime premium of one and one-half times his regular rate of pay for hours worked over forty (40) per week, Express Auto Spa and Lofrano willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

84. As a result, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to NYLL §§ 198(1-a) and 663(1).

***AS AND FOR A THIRD CAUSE OF ACTION***
***NEW YORK STATE LABOR LAW***
***AGAINST EXPRESS AUTO SPA AND LOFRANO***
***(MINIMUM WAGE)***

85. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

86. The minimum wage provisions of Article 19 of the NYLL and its supporting regulations, including NYLL § 652(1) and 12 NYCRR § 142-2.1, apply to Express Auto Spa and Lofrano and protect Plaintiff.

87. Plaintiff pleads this cause of action in the alternative to the Second Cause of Action, to the extent Plaintiff's weekly salary is found to have been intended to compensate him for all hours worked.

88. On that basis, Plaintiff's regular hourly rate was below the applicable New York minimum wage of $16.00 per hour in 2024 and $16.50 per hour in 2025, and Express Auto Spa and Lofrano failed to pay Plaintiff the minimum wage for all hours worked, in addition to failing to pay him overtime at one and one-half times the greater of his regular rate or the minimum wage.

89. By failing to pay Plaintiff the minimum wage for all hours worked, Express Auto Spa and Lofrano willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

90. As a result, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to NYLL §§ 198(1-a) and 663(1).

***AS AND FOR A FOURTH CAUSE OF ACTION***
***NEW YORK STATE LABOR LAW***
***AGAINST EXPRESS AUTO SPA AND LOFRANO***
***(FAILURE TO PROVIDE WAGE NOTICE)***

91. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

92. Express Auto Spa and Lofrano willfully failed to furnish Plaintiff, at the time of his hiring, with a notice as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the

telephone number of the employer; and, for an employee not exempt from overtime, the regular hourly rate and overtime rate of pay.

93. As a result, Plaintiff is entitled to statutory damages of fifty dollars for each workday that the violation occurred or continued, up to a total of five thousand dollars, together with reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-b).

***AS AND FOR A FIFTH CAUSE OF ACTION***
***NEW YORK STATE LABOR LAW***
***AGAINST EXPRESS AUTO SPA AND LOFRANO***
***(FAILURE TO PROVIDE WAGE STATEMENTS)***

94. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

95. Express Auto Spa and Lofrano willfully failed to furnish Plaintiff with a statement with every payment of wages as required by NYLL § 195(3), listing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; the address and phone number of the employer; the rate or rates of pay and basis thereof; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

96. As a result, Plaintiff is entitled to statutory damages of two hundred fifty dollars for each workday that the violation occurred or continued, up to a total of five thousand dollars, together with reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

***AS AND FOR A SIXTH CAUSE OF ACTION***
***NEW YORK STATE LABOR LAW § 740***
***AGAINST ALL DEFENDANTS***
***(RETALIATION)***

97. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

98. NYLL § 740(2) prohibits an employer from taking any retaliatory action against an employee because the employee (a) discloses, or threatens to disclose, to a supervisor an activity, policy, or practice of the employer that the employee reasonably believes is in violation of law, rule, or regulation, or (c) objects to, or refuses to participate in, any such activity, policy, or practice.

99. Plaintiff engaged in activity protected by NYLL § 740(2)(a) and (c) when he complained to Lofrano, his supervisor, about Defendants' practice of procuring false identification documents for unauthorized workers, which he reasonably believed was illegal.

100. Plaintiff reasonably believed that the practice violated the law.

101. Defendants took retaliatory action against Plaintiff, within the meaning of NYLL § 740(1)(e), by terminating his employment on August 13, 2025 because of that protected activity.

102. After Plaintiff was terminated, Defendants took malicious retaliatory action by giving false statements to prospective employers Plaintiff had applied to in order to prevent him from being able to obtain gainful employment and mitigate his wage losses.

103. Defendants' conduct was willful, malicious, and wanton.

104. As a result, Plaintiff has suffered lost wages and benefits and other damages, and he is entitled to all relief available under NYLL § 740(5), including front pay in lieu of reinstatement; back pay and compensation for lost wages, benefits, and other remuneration; punitive damages; and reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants as follows:

a) awarding back pay for overtime pay due and owing to Plaintiff, against Express Auto Spa and Lofrano, jointly and severally;

b) awarding back pay for minimum wages due and owing to Plaintiff, against Express Auto Spa and Lofrano, jointly and severally;

c) declaring that Express Auto Spa and Lofrano violated the provisions of the NYLL relating to wage notices and wage statements, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for those violations;

d) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or NYLL §§ 198(1-a) and 663(1);

e) declaring that Defendants violated NYLL § 740, and awarding Plaintiff, against all Defendants, jointly and severally, front pay in lieu of reinstatement, back pay, compensation for lost wages, benefits, and other remuneration, a civil penalty, and punitive damages pursuant to NYLL § 740(5);

f) awarding prejudgment and post-judgment interest;

g) awarding the costs and disbursements of this action, along with reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198, 663(1), and 740(5); and

h) awarding any other relief this Court deems just, proper, and equitable.

***DEMAND FOR JURY TRIAL***

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
October 31, 2026

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

______________________________

William Cafaro, Esq.
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
bcafaro@cafaroesq.com